# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTON PURISIMA,** | Case No. 18-cv-14903-CCC-ESK |
| **Plaintiff,** | **OPINION AND ORDER** |
| v. | |
| **NEW JERSEY TRANSIT CORPORATION,** *et al.*, | |
| **Defendants.** | |

**KIEL, United States Magistrate Judge**

   **IT APPEARING THAT:**

   1.   In October 2018, *pro se* Plaintiff submitted a complaint in this case, *inter alia*, to recover damages against New Jersey Transit and various defendants associated with New Jersey Transit for the loss or the theft of his backpack.  (ECF No. 1.)

   2.   Plaintiff submitted an application for *in forma pauperis* relief ("the IFP Application") with the complaint.  (ECF No. 1-1.)  The IFP Application remains pending, and thus the complaint has not been screened pursuant to 28 U.S.C. § 1915(e)(2) or the Federal Rules of Civil Procedure.

   3.   In March 2019, the Chief Judge for the District of New Jersey issued an order staying all cases against New Jersey Transit ("the Stay Order"), including this case. (ECF No. 3.)

   4.   In June 2019, while the Stay Order was still in effect, Plaintiff appealed from the Stay Order ("the First Appeal"). (ECF No. 8.)

5.  In July 2019, the Stay Order was extinguished by a separate order ("the Extinguish Order"). (ECF No. 14.)

6.  In August 2019, Plaintiff submitted three separate sets of documents ("the August Documents") — all of which concerned this case and other cases commenced by Plaintiff — that the Clerk of the Court apparently interpreted as being motions for miscellaneous relief in this case, although the August Documents: (a) seek no discernible relief; and (b) in any event, were neither drafted nor submitted in accordance with the relevant Federal Rules of Civil Procedure and Local Civil Rules on motion practice. (ECF Nos. 15, 16, 17.)

7.  After Plaintiff filed the August Documents, Plaintiff appealed from the Extinguish Order ("the Second Appeal"). (ECF No. 18.)

8.  Plaintiff also instituted a sweeping appeal ("the Third Appeal") that he apparently intended to apply to this case and several other cases. *See* 3d Cir. No. 19-3189, Sept. 2019 Notice of Appeal; *id.*, Nov. 25, 2019 Document at pp. 1, 8, 24, 34, 35 (listing this case); *id.*, Dec. 4, 2019 Document at pp. 1, 5, 12, 28, 37, 38, 39 (listing this case).

9.  In November 2019, the Third Circuit Court of Appeals dismissed the First Appeal and the Second Appeal. (ECF Nos. 21, 22.) In addition, it dismissed the Third Appeal in November 2019, and then declined Plaintiff's request to reopen the Third Appeal on January 30, 2020. *See* 3d Cir. No. 19-3189, Jan. 30, 2020 Order.

10. Due to the pendency of Plaintiff's First Appeal and Second Appeal up to November 2019, as well as the pendency of Plaintiff's Third Appeal up to January

2020: (a) the Court was barred from addressing the August Documents to the extent that they could be construed as being motions because the Court was arguably deprived of the jurisdiction to do so, *see Gleeson v. Prevoznik*, 253 F. App'x 176, 179 (3d Cir. 2007) (holding that the filing of a notice of appeal confers jurisdiction on the Third Circuit Court of Appeals and divests the District Court of control of the case); and (b) the purported issues raised in the August Documents appeared to have become moot in any event.

11. In addition, Plaintiff should have refrained from filing the August Documents until the Court addressed his IFP Application, which the Court was arguably not authorized to do, *inter alia*, once Plaintiff brought the First Appeal, the Second Appeal, and the Third Appeal, and while those Appeals awaited a complete resolution by the Third Circuit Court of Appeals.

**ACCORDINGLY,**

**IT IS** on this 20th day of March 2020 **ORDERED** that:

1. Plaintiff's motions for miscellaneous relief **(ECF No. 15; ECF No. 16; ECF No. 17)** are **DENIED** without prejudice.

2. Plaintiff is directed to do one of the following within 20 days of entry of this Order: (1) submit to the attention of the District Judge an updated application for *in forma pauperis* relief in this case, and then await the resolution of that application and the screening of his complaint by the District Judge; or (2) pay the required fee.

                                             */s/ Edward S. Kiel*
                                             **Edward S. Kiel**
                                             **United States Magistrate Judge**